**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DINA ISABEL HERNANDEZ ORELLANA,<br>Petitioner,<br>v.<br>WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,<br>Respondents. | Case No. 5:26-cv-06116-SP<br><br>**MEMORANDUM OPINION AND ORDER GRANTING PETITION** |

## I.

## INTRODUCTION

On October 14, 2026, petitioner Dina Isabel Hernandez Orellana, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). Docket no. 1. At the time she filed the Petition, petitioner was being held at the U.S. Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California. Three days after she filed her Petition, respondents transferred petitioner to the ICE El Paso Processing Center in El Paso, Texas, where she remains. *See* docket no. 9; locator.ice.gov/odls/#/search.

Petitioner contends her detention violates her rights to procedural and substantive due process under the Fifth Amendment and the Administrative Procedure Act.

Petitioner seeks immediate release from immigration custody, as well as other injunctive relief.

## II.

## BACKGROUND

Petitioner is from El Salvador. Petitioner entered the United States in or before March 2016 and was at some point detained by ICE. *See* Pet. at 6. ICE paroled petitioner from immigration custody on March 26, 2016. *Id.*

Since her release from ICE custody, petitioner has lived freely in the United States for over ten years. *See id.* Petitioner alleges there has been no material change in her circumstances during those years that would warrant her re-detention. *Id.*

Nonetheless, on October 4, 2026, ICE revoked petitioner's parole and re-detained her without providing her any notice or reason for her arrest. *Id.* Petitioner also was not given the opportunity to contest her detention. *Id.*

## III.

## DISCUSSION

On October 16, 2026, the court issued and served on respondents, through the United States Attorney's Office, the court's Notice of General Order 26-05 and Briefing Schedule ("Briefing Order"). Docket no. 6. The Briefing Order includes the following deadlines:

1. "Counsel for Respondent shall file a notice of appearance within 3 calendar days of the date of the Clerk's Office issues this Notice;" and
2. "Respondent shall file an answer to the habeas petition no later than 7 days from the date the Clerk's Office issues this notice."

Briefing Order at 2. Thus, under the Briefing Order, respondents' Notice of Appearance was due October 19, 2026 and their Answer was due October 23, 2026. As of the date of this order, respondents have not answered or otherwise responded to the Petition and have not appeared in this case.

Because this has become respondents' standard practice in many similar cases, the court does not believe respondents' failure to comply with the Briefing Order was an oversight.[1] Rather, the court considers the lack of response as a concession that the relief requested in the Petition be granted. *See, e.g.*, *Hakobyan v. Janecka*, 2026 WL 2794993, at *1 (C.D. Cal. Sept. 17, 2026) (granting petition after respondents failed to oppose it or appear in the matter); *Lopez v. Warden of Adelanto ICE Processing Ctr.*, 2026 WL 2647981, at *1 (C.D. Cal. Sept. 8, 2026) ("Respondents' failure to appear and defend the case is a concession to the Petition and its requested relief."); *Parmjeet v. Semaia*, 2026 WL 2628939, at *1 (C.D. Cal. Sept. 4, 2026) (granting relief based on respondents' lack of response and appearance); *Espinales Martinez v. Mullin*, 2026 WL 2608947, at *1 (C.D. Cal. Sept. 3, 2026) ("Respondents' failure to oppose Petitioner's due process claim is a concession."); *Maltez Reyes v. Janecka*, 2026 WL 2291234, at *2 (C.D. Cal. Aug. 7, 2026) (granting petition based on respondents' failure to oppose the relief sought).

Moreover, this court has previously found that individuals similarly situated to petitioner were entitled to immediate release from custody because they were redetained in violation of their right to due process under the Fifth Amendment. *See, e.g., Hernandez Rosales v. Warden, Adelanto ICE Processing Ctr.*, 2026 WL 2621202 (C.D. Cal. Sept. 4, 2026); *Zhang v. Warden of Adelanto ICE Processing Ctr.*, 2026 WL 2548602 (C.D. Cal. Aug. 28, 2026); *Martinez Benitez v. Mullin*,

---

[1] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "'in both civil and criminal cases, in the first instance and on appeal . . ., we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'" *U.S. v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation omitted). "[A]s a general rule, our system 'is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.'" *Id.* at 375-76 (citation omitted).

2026 WL 2535844 (C.D. Cal. Aug. 27, 2026); *Dagio Mondragon v. Mullin*, 2026 WL 2432627 (C.D. Cal. Aug. 19, 2026). Given respondents' lack of opposition and failure to appear in the case, and for the reasons set forth in *Hernandez-Rosales, Zhang*, *Martinez Benitez, and Dagio Mondragon*, and the relevant cases cited in those decisions, the Petition is granted.

Finally, after petitioner filed her Petition, respondents moved petitioner outside this district, to the ICE El Paso Processing Center. *See* docket no. 9. No notice was given, and thus petitioner's transfer may have been in violation of the Briefing Order's requirement that respondents give at least two court days' notice prior to removing petitioner from this district. *See* docket no. 6 at 2. The court does not decide that here. But given that petitioner apparently resides in the Central District of California, and given that her transfer was at least inconsistent with the Briefing Order, the court will require respondents to return petitioner to this district.

## IV.

## ORDER

IT IS THEREFORE ORDERED that: (1) Judgment will be entered granting the Petition; (2) respondents shall immediately return petitioner Dina Isabel Hernandez Orellana (A # 208-893-159) to the Central District of California; (3) upon petitioner's return to the Central District of California, respondents shall immediately release petitioner Dina Isabel Hernandez Orellana (A # 208-893-159) from immigration custody; (4) petitioner's conditions of release shall be the same as those in place prior to petitioner's most recent detention; (5) respondents shall return any confiscated property and documents to petitioner upon her release; (6) respondents are enjoined and restrained from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that petitioner presents a flight risk or a danger to the community; and (7) respondents shall file a status report no later

than November 3, 2026**,** confirming that petitioner was returned to the Central District of California and released from respondents' custody.

Dated: October 29, 2026

SHERI PYM
United States Magistrate Judge